Van Brunt, J.
I am unable to find as a fact that there was any representátion upon the part of the defendants Davies, in this action, at any time, that the trust deed, mentioned in the complaint herein, was irrevocable; neither can I find that they omitted to give the plaintiff proper professional advice in respect to the execution of the trust deed in question.
I think, however, that the evidence establishes the fact that the plaintiff did not comprehend the effect of a trust deed.
*501 She undoubtedly had some sort of an idea that being voluntary it could be recalled, and she regarded it somewhat in the light of a will.
The question presented then is, whether, under the circumstances above stated, a voluntary settlement can be set aside ?
In the case of Garnsey v. Mudge (24 N. J. Eq. 243), it is stated that,'unless it is made affirmatively to appear that it was the intention of the settlor to make the deed irrevocable, a court of equity will relieve from, it. This doctrine does not, however, seem to be supported by the cases cited.
The sanctity of a trust deed has undoubtedly been largely infringed upon by the courts of this country, and of England, but I cannot find that they have gone to the length indicated above.
The most recent case which I have been able to find is the case of Hall v. Hall, L. R. 8 Ch. App. Cases, 430. In that case Lord Selbobne, Lord Chancellor, says : 61 The absence of a power of revocation in a valuable deed, not impeached on the ground of any undue influence, is of course material when it appears that the settlor did not intend to make an irrevocable settlement, or when the settlement itself is of such a nature, or was made under such circumstances, as to be unreasonable and improvident unless guarded by apower of revocation.”
Applying these principles to the facts of the case at bar, it would appear that, the evidence establishing the fact that the plaintiff did not intend to make an irrevocable deed, she is entitled to be relieved from its effect.
Judgment accordingly.
Note.—Power of revocation of deed of trust.] See Gibbs v. N. Y. Life Ins. & Trust Co., ante, p. 1, and note to that case, p. 11; also, Crousque v. Quinn, ante, p. 9, and Browne v. Murdock, 12 Abb. N. *502 C. 360, 369. Conkling v. Davies, does not conflict with Gibbs v. N. Y. Life Ins. & Trust Co. In. the latter case, Justice Van Vobst intimated that a power of revocation in a voluntary settlement might defeat it. The cases of Cutting v. Cutting, 86 N. Y. 522 and Hutton v. Benkard, 92 N. Y. 295, hold that the Revised Statutes as to Powers apply to limitations of personal estate. The reservation of a power of revocation in a voluntary settlement would, at common law, invalidate it even as to subsequent creditors. 27 Eliz. c. 4; Jenkens v. Keymis, 1 Levinz, 150; Tarback v. Tarback, 2 Vern. 510; St. Sauveur's Case, L.R.7 Ch. 343, 21, 22; Fleming v. Townsend, 6 Ga. 103,108; Harper v. Scott, 12 Ga. 125; Rogers v. Fales, 5 Pa. St. 154; and the New York statutes specially provide that “ where the grantor in any conveyance shall reserve to himself, for his own benefit,, an absolute power of revocation, such grantor shall still be deemed the absolute owner of the estate conveyed, so far as the rights of creditors and purchasers are concerned.” 1 R. S. 733, § 86. See, also, Belmont v. O’Brien, 12 N. Y. 394, 404; 1 R. S. 733, et seq. §§ 105, 108, 114; Article on “ Powers.” See in this connection Jones v. Clifton, 101 U. S. (11 Otto) 225, 230, as to how far powers of revocation in a marriage settlement are valid as against assignee in bankruptcy. But here, query, how far the high consideration of marriage will take marriage settlements out of the category of voluntary settlements ?
Independent legal advice.] It may be observed that, in the case in the text, the grantees of the conveyance were the draughtsmen of the deed, and though they were in no way discredited by a transaction requested by the settlor herself, yet the settlor cannot be said, within the rule of law on this subject, to have had independent legal advice. (See Crousque v. Quinn, ante, p. 9, ante, and note, p. 11, ante.)