ELIZABETH C. DELAP, Appellant, *v.* ESTELLE DELAP LEONARD, Defendant, Impleaded with GEORGE R. LEONARD, 3D, Respondent.

Second Department, October 3, 1919.

**Real property — suit to correct and reform deed — mistake of scrivener.**

Where in a suit to correct and reform a deed of real property, it appears that the plaintiff intended and sought to convey to her stepdaughter, without consideration, an undivided half of certain real property, but that through the mistake of the scrivener her purpose was thwarted, a decree of reformation should be directed, notwithstanding the lapse of a long period of time between the execution of the deed and the discovery of the mistake.

APPEAL by the plaintiff, Elizabeth C. Delap, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Kings on the 11th day of February, 1919, dismissing the complaint on the merits upon the decision of the court after a trial at the Kings County Special Term.

*C. W. Wilson, Jr.,* for the appellant.

*Michael Furst,* guardian *ad litem,* for the respondent George R. Leonard, 3d.

RICH, J.:

This action was brought to correct and reform a deed of real property in which it appears plaintiff sought to con-

vey to her stepdaughter, the defendant ·Estelle Delap Leonard, the undivided one-half of the four parcels of real property mentioned in the complaint.

The property was conveyed to plaintiff by her husband shortly before his death. He possessed no other property. Sometime after her husband's death, with the purpose of correcting what she deemed to be an oversight on the part of her husband in failing to provide for his daughter, who was nine years of age and in delicate health, she said to Mr. Donnelly, who was her co-executor under her husband's will:

" I said that I thought that my husband's intention was to divide half the property between his daughter and myself, share and share alike, and I felt that my conscience told me that I ought to deed back half of the property to her in some way, that if she died before she was twenty-one, on account of being in delicate health, it would come back to me, as the Delaps had plenty. I said I thought it was just and right, and it annoyed me after the will was filed and I found out about the will; I thought she ought to have half, and I thought I ought to get it back, if she died, because I never thought she would live to be twenty-one."

She said she never had a thought of Estelle getting married or having children. She requested him to employ an attorney to prepare the necessary conveyance. Accordingly an eminent lawyer was engaged and the deed in suit was prepared in his office. It was executed by the plaintiff in the office of the lawyer on the 12th day of November, 1901, but instead of being drawn according to plaintiff's direction it purported to convey the use of an undivided one-half of the property during the term of her natural life, " and in the event of her dying at any time leaving her surviving lawful issue, then to such issue of the said party hereto of the second part and their heirs forever in fee simple absolute.

" Upon the death of the said party hereto of the second part at any time without leaving lawful issue her surviving, the estate hereby conveyed shall then cease and determine, and the estate in the premises hereby conveyed to said party hereto of the second part for life shall revert to and vest in the said party hereto of the first part, her heirs and assigns forever, in all respects as if this conveyance had not been made."

It appears from the uncontradicted evidence that plaintiff was ill at the time the paper was executed, that it was different from what she intended, and that when she executed the deed she supposed she was conveying the one undivided one-half to her stepdaughter, with the reservation that if the stepdaughter should die before she attained her. majority the property should revert to the plaintiff.

The plaintiff received no consideration for the deed. She sought to convey the property to her stepdaughter voluntarily as · an act of justice. Owing to what was undoubtedly a mistake of the scrivener, her purpose was thwarted.

Estelle Columbia Delap was married, and the defendant George R. Leonard, 3d, is her son. The learned trial justice who presided was of the opinion that " it would be a dangerous use of the equitable powers of this court to change, after the lapse of many years, the provisions and effect of a grant of real property." The plaintiff should not be penalized because of this mistake. When there is no mistake about plaintiff's intention, but only in the writing, the mistake of the scrivener, no matter how it occurred, ought to be corrected. (*Pitcher* v. *Hennessey,* 48 N. Y. 415; *Born* v. *Schrenkeisen,* 110 id. 55.) And this is so notwithstanding a long period of time has elapsed between the time of the execution of the deed and the discovery of the mistake. And there is reason for it in the instant case, in that this is not the question of reforming an agreement between two parties, but of a gift from plaintiff to her stepdaughter, and in such case a mistake in the estate granted is sufficient to justify a decree for reformation. (*Schrieber* v. *Goldsmith,* 39 Misc. Rep. 381; *Lister* v. *Hodgson,* L. R. 4 Eq. 34; *Crockett* v. *Crockett,* 73 Ga. 647; *Andrews* v. *Andrews,* 12 Ind. 348.)

The judgment and findings should be reversed, new findings substituted, and a decree of reformation directed to be entered accordingly, without costs.

MILLS, KELLY and JAYCOX, JJ., concurred; JENKS, P. J., not voting.

Judgment and findings reversed, new findings substituted, and a decree of reformation directed to be entered accordingly, without costs.