LEO VOGEL, Plaintiff, *v.* CITY BANK FARMERS TRUST COMPANY and Others, Defendants.

Supreme Court, New York County, June 11, 1934.

*Max D. Steuer* [*Abraham L. Bienstock* of counsel], for the plaintiff.

*Mitchell, Taylor, Capron & Marsh* [*Ramsay Clayton* and *William F. Hamilton* of counsel], for the defendant City Bank Farmers Trust Company.

*Maurice Smith* for the defendants Helen Vogel Stern and another.

*Joseph Burke Miller*, guardian *ad litem*, for the defendants Allison M. Stern and another.

HOFSTADTER, J. On December 29, 1922, the plaintiff herein, without consideration, executed a trust deed whereby certain securities to the value of $200,000 were transferred to the defendant City Bank Farmers Trust Company, to be held for the benefit of his daughter, Helen Vogel (then unmarried), and her surviving issue, if any, and in the event of her decease without issue, the

corpus of the trust to be paid to the donor's wife, Lillian Vogel. The deed upon its face reserved no power of revocation in the settlor. This action was instituted on March 26, 1934, to reform and modify the trust indenture by inserting therein a revocation clause to conform with what the donor avows was his expressed intention at the time the instrument was executed.

The plaintiff testified that it was his purpose in creating the trust to provide for his unmarried daughter and her issue, if any, after marriage, only so long as such financial protection seemed necessary, and that he intended that the trust should be revocable in the event that such protection was no longer needed; that prior to the drawing up of the trust deed he informed his attorney of his purpose; that apparently through error and mistake a revocation clause was not included in it; that he executed the instrument without reading it or having it explained to him, in reliance on his understanding that the trust was revocable. pursuant to his expressed intention; that in January, 1934, a $400,000 trust was created for the benefit of his daughter and her children; and the purposes of the trust erected by him having been fully served by this event, he notified the defendant trustee of his intention of revoking the indenture; that then for the first time he was apprised of the omission in the instrument of a revocation clause; that immediately thereafter this action was commenced to modify and reform the deed. The defendant Lillian Vogel testified in complete corroboration of the plaintiff.

The adult *cestuis que trustent* do not oppose the relief prayed for, and the infant defendants, appearing by a guardian *ad litem*, submit their rights to the court for determination. The defendant trustee, while vigorously opposing the granting of any relief, produced no witnesses to dispute the facts as stated by the plaintiff and his wife. I credit the testimony offered on behalf of the plaintiff as persuasive and convincing.

It thus appears that the settlor, prompted by generosity, transferred without consideration the beneficial interest in a large sum of money to certain members of his family, intending that such transfer should be revocable when in his opinion the circumstances inducing the creation of the trust would no longer be present. Those circumstances are no longer present, as the beneficiaries of the trust have been otherwise well provided for.

A court of equity exercising its plenary jurisdiction should act to relieve this plaintiff from an inadvertent mistake. " If it appears that the power to revoke should have been expressed in the instrument, the court of equity will now regard as done whatever the parties really intended, and which in good conscience should have

been done, and thus the relief will be adapted to the exigencies of the case." (*Barnard* v. *Gantz*, 140 N. Y. 249, 255.) The power of the chancellor to correct similar mistakes in *voluntary* gifts has been established in this jurisdiction. (*Ludlam* v. *Ludlam*, 194 App. Div. 411, 413; affd., *sub nom. Ludlam* v. *Conn. Trust Co.*, 232 N. Y. 615; *Conkling* v. *Davies*, 14 Abb. N. C. 499.) (See, also, *Schreiber* v. *Goldsmith*, 39 Misc. 381, 384.)

The cases cited by the trustee are inapplicable to the facts herein as they relate mainly to the principles underlying the reformation of *bilateral* agreements by a court of equity. (Cf. *Salomon* v. *North British & Mercantile Ins. Co.*, 215 N. Y. 214; *Southard* v. *Curley*, 134 id. 148.) For the implication involved in the distinction thus taken, see *Delap* v. *Leonard* (189 App. Div. 87, 89), where the court, in granting reformation, states, " and there is reason for it in the instant case, in that this is not the question of reforming an agreement between two parties, but of a gift from plaintiff to her stepdaughter, and in such case a mistake in the estate granted is sufficient to justify a decree for reformation."

While the provisions of section 53 of the Civil Practice Act apply to equitable actions (*Ford* v. *Clendenin*, 215 N. Y. 10, 16), and it is the general rule in an action to reform an instrument because of mistake that the Statute of Limitations commences to run when the instrument is delivered and not when the mistake is discovered (*Exkorn* v. *Exkorn*, 1 App. Div. 124; *Perry* v. *Fries*, 90 App. Div. 484, 490), judicial decisions have established exceptions to the law. In an action brought to remove a cloud on title, where the aggrieved party is in possession, the statute does not begin to run until the party aggrieved becomes aware of the mistake. (*Burlingham* v. *Hanrahan*, 140 Misc. 512, 513; *De Forest* v. *Walters*, 153 N. Y. 229, 241; *Brennan* v. *Thompson*, 46 Misc. 317.) In *Delap* v. *Leonard* (189 App. Div. 87) the court granted reformation of a voluntary conveyance to accord with the intent of the donor, though more than the statutory period had elapsed, on the ground that in the case of a gift " a mistake in the estate granted is sufficient to justify a decree for reformation." In *Ludlam* v. *Ludlam* (194 App. Div. 411) a suit was commenced eleven years after the execution of the deed. The court denied relief on the merits, but apparently ignored the consideration of the lapse of more than ten years as a bar to relief. *Exkorn* v. *Exkorn* (1 App. Div. 124), in which the situation was somewhat different than that presented by the record here, has been often cited with approval, but in no case was the court dealing with a trust created without consideration. In such a situation the equities speak for reformation, and in the light of *Delap* v. *Leonard* (*supra*) there is no bar.

Having considered the legal questions, it may not be amiss to restate the problem presented by the record here in terms of its human implications, thus: Shall the infant beneficiaries of the plaintiff's solicitude, who already have profited immensely from his generosity, have their more than ample financial security augmented by a large sum of his money, and he, broken in health, be deprived of the comfort which the fruits of his labors may bring to him in his declining years? Since he did not so intend, justice forbids such an unhappy result; and, fortunately, the law does not exact it.

Accordingly, judgment for plaintiff. Submit findings and conclusions.