MARY L. HART and Others, Respondents, v. MARY BLABEY, Appellant.

Third Department, March 5, 1941.

*Robert G. Blabey*, for the appellant.

*Scheiberling & Schneider* [*John M. Schneider* of counsel], for the respondents.

CRAPSER, J.   This is an action to reform a warranty deed given by the plaintiff Mary L. Hart to the defendant Mary Blabey in the year 1912.   After a trial without a jury the Albany County Supreme Court granted a judgment which reformed the deed by substituting a different description of the grantee's southerly property line and decrees that she is not the owner of any property south of the adjudicated line.

The defendant appeals upon the law and the facts and urges, *first*, that the action is barred by the Statute of Limitations; *second*, that the finding of mutual mistake is not supported by convincing proof and is against the weight of the evidence; *third*, that at least two fundamental errors prejudicial to the defendant and unquestionably influencing the decision were committed on the trial; and *fourth*, that the trial court erred in determining that the issue framed by the pleadings and construed by the opening declaration of plaintiff's attorney was solely one to reform a deed.

The plaintiff Mary L. Hart was the owner of certain lands on the west shore of Thompson's Lake, Albany county, N. Y.   On the 8th day of August, 1912, Mary L. Hart conveyed a part of said premises to Mary Blabey by a deed which contained the following description.

" All that tract, piece or parcel of land situate, lying and being in the Town of Berne, at Thompsons Lake in the County of Albany and State of New York, bounded and described as follows: Commencing at a point on the west shore of Thompsons Lake 123 feet north on said west shore of Thompsons Lake of a hickory tree on the said west shore of Thompsons Lake described and designated as the point or place of beginning in a certain deed made and executed by Alfred Bronk and Anna Bronk, his wife, Harrison Davis and Mary Davis, his wife, to Mary L. Hart, dated May 4, 1908, and recorded in Albany County Clerk's Office August 4, 1910 in Book of Deeds No. 553 at Page 374 and runs from said point west to the easterly side of a private road now or formerly belonging to Alfred Bronk and Harrison Davis or either of them which said private road runs in a circular direction from the highway, leading from Altamont, Albany County, N. Y. to Thompsons Lake in the Town of Berne, Albany County, N. Y.; thence along the east side of said private road now or formerly belonging to Alfred Bronk and Harrison Davis or either of them as said private road bends and turns to the west shore of said Thompsons Lake; thence south along the said west shore of said Thompsons Lake 50 feet to the place of beginning.

" Being part of the same premises and the most northerly 50 feet as the same runs on the west shore of said Thompsons Lake and running to a point in the rear, making a triangular piece of

land of the lot, piece and parcel of land conveyed by Alfred Bronk and Harrison Davis and Anna Bronk and Mary Davis, their wives, to Mary L. Hart by Warranty Deed dated May 4, 1908, and recorded in Albany County Clerk's Office August 4, 1910, in Book of Deed No. 553 at page 374."

It is the contention of the plaintiffs that the words " west to the easterly side of a private road " as used in the said description were inserted by mutual mistake of the plaintiff Mary L. Hart, and the defendant, and that in place of those words " westerly at about right angles to the shore line of Thompson's Lake as the same generally runs along the said Hart property to a point on the easterly side of a private road " should have been used in order to conform to the intention of the said plaintiff and defendant in making said conveyance.

On July 15, 1925, Mary L. Hart conveyed to George Meineker and his wife the balance of the property on Thompson's Lake and described it in part as follows: " * * * and runs thence northerly or nearly so along the west shore of Thompsons Lake one hundred and twenty-three feet to the southerly or nearly so bounds of the lot or plot of land conveyed by the party of the first part to Mary Blabey by deed dated the 8th day of August, 1912, * * *; thence westerly or nearly so along the southerly lines or bounds of said Mary Blabey's land."

If a mistake was made in 1912 and if the Harts did not have knowledge of it then they most certainly did have knowledge in 1925 when they conveyed to the Meinekers and used the south bounds of the Blabey lot as the north bounds of the Meineker lot. At the time the defendant's deed was drawn Hart was on the ground with a tape; he did not have any surveying instruments. There is no testimony from Mary L. Hart or Mary Blabey to the effect that any mutual mistake was made. After Meineker bought the balance of the tract he and the Blabeys lived side by side and there was no fence separating the two properties and there was no fence separating the properties when Meineker bought it in 1925. Meineker replaced the fence along the private road in 1937 and after that fence was built the Blabeys had a survey made which they called to the attention of Meineker and tried to adjust any misunderstanding that existed. They then built a fence on the surveyed line. Mr. Meineker took no action and in 1939 he sold to the plaintiff, Weaver. Before selling to Weaver he took Weaver out to the lake and showed Weaver his property inside of the fence, southerly of the fence built by Blabey. When they got down to the lawyer's office Meineker was prepared to give a warranty deed for the land on his side of the fence but in case Weaver wanted a deed to any land on Blabey's side of the fence Meineker would

only give him a quit claim deed and, therefore, the deed to Weaver was a quit claim deed, Meineker refusing to sign a warranty deed to anything except the land on his side of Blabey's fence.

The plaintiffs are not the aggrieved parties. The trial court found that the litigation had its origin in a mistake which was made in the original deed. If a mistake had in fact been made the defendant is the one aggrieved because she is the party who has suffered from the mistake. She is the party whose property has been taken from her by the judgment. She is the one who has remained continuously in possession. It is her deed, not those of the plaintiffs, which has been reformed. The plaintiffs' complaint is an admission of the defendant's title and possession, otherwise they would not bring this action, they would bring an action in ejectment and if they had brought an action in ejectment and if this defendant had counterclaimed for a reformation of her deed in order to correct a mistake and correct her title and if in answer to that counterclaim for reformation these plaintiffs had set up a defense of the ten-year Statute of Limitations, then in such a situation, it has been held that the Statute of Limitations does not begin to run until the defendant in possession had knowledge of the mistake.

*De Forest* v. *Walters* (153 N. Y. 229) was an action of ejectment wherein by counterclaim for reformation it was pleaded " that by mistake on the part of the grantor in the deed, and fraud on the part of the grantee, the lands intended to be conveyed were so described as to make it appear that the conveyance embraced the land in controversy." The plaintiff replied to the counterclaim and as a defense to it set up the ten-year Statute of Limitations. Under such circumstances it was held that the statute was not a bar to the counterclaim for reformation.

The statute applicable to this case is the ten-year limitation of section 53 of the Civil Practice Act, and was a good defense to this claim. (*Exkorn* v. *Exkorn*, 1 App. Div. 124.) That was an action brought to reform a referee's deed by inserting the plaintiff's name as cograntee with the defendant. No fraud was alleged and the case rested solely upon the allegation of mistake. The deed was delivered in July, 1877, and the action was commenced in August, 1894. The defendant pleaded the ten-year Statute of Limitations. The plaintiff acknowledged that this would be fatal but for the fact that he did not discover the mistake until October, 1884. But the running of the statute did not depend upon the discovery of the mistake. That was the general rule in equity before the Code. The decisions of courts of equity then placed the mistake upon the same footing in this regard as fraud. Under the Code, however, the rule as to the discovery of the facts is limited

to fraud and all other cases are excluded from its operation. (*Oakes* v. *Howell*, 27 How. Pr. 145; *Hoyt* v. *Putnam*, 39 Hun, 402, 406; *Sprague* v. *Cochran*, 70 id. 513.)

The court below in talking of the application of the Statute of Limitations relied upon *De Forest* v. *Walters* (*supra*) and *Vogel* v. *City Bank Farmers Trust Co.* (152 Misc. 18). In the latter case the court said that the facts were different from *Exkorn* v. *Exkorn*, which case had often been cited with approval, but not in a case dealing with a trust created without consideration.

The court also cited *Burlingham* v. *Hanrahan* (140 Misc. 512), where the court says: " It seems that in an action to reform a deed, contract, or other written instrument on the ground of mistake, the ten-year statute runs from the time when the mistake was made or the instrument executed, and not from the time when the mistake is discovered." (*Exkorn* v. *Exkorn*, 1 App. Div. 124; *Sprague* v. *Cochran*, 70 Hun, 512; revd. on other grounds, 144 N. Y. 104; *Hoyt* v. *Putnam*, 39 Hun, 402; *Oakes* v. *Howell*, 27 How. Pr. 145; *Werbelovsky* v. *Rosen*, 260 App. Div. 222.)

When the plaintiff Mary Hart conveyed to the Meinekers in 1925, she knew, as we have previously shown, the description of the Blabey south line because she used it as the Meineker north line description. She used the Blabey lot as a monument for the Meineker deed. She searched the Blabey deed and mentions it by book and page in the Meineker deed.

The complaint in this action is one to reform a deed. The plaintiffs' construction of the question as declared by their attorney made it clear that it was solely one to reform a deed. On such an' issue the only question to be decided is whether Mary L. Hart and Mary Blabey as original parties to the instrument made a mutual mistake. There is no evidence of this in the record. The essence of the action to reform the deed is a complete recognition of the defendant's title.

A motion was made at the end of the plaintiffs' case and again at the end of the whole case to dismiss the complaint and especially as to George Meineker and Beatrice Meineker, his wife, and Harry A. Weaver. The denial of the motion was duly excepted to. The Meinekers took Weaver out before their sale to him and showed him Blabey's south line as marked by the fence and refused to give anything but a quit claim deed which Weaver accepted.

This action is barred by the Statute of Limitations. There is no proof of a mutual mistake. The judgment appealed from should be reversed and annulled upon the law and the facts and the complaint is dismissed, with costs.

SCHENCK and FOSTER, JJ., concur; HEFFERNAN, J., concurs in the result; HILL, P. J., dissents.

Judgment reversed and annulled upon the law and the facts and the complaint dismissed, with costs.