■ CONSTANCE D. KREINDLER, Appellant-Respondent, v. IRVING TRUST COMPANY et al., Respondents. WINTHROP, STIMSON, PUTNAM & ROBERTS et al., Respondents-Cross-Appellants.— STALEY, JR., J. Appeal by the plaintiff from a judgment dismissing the complaint on the merits after a trial before the court which judgment also granted allowances to attorneys for the defendants. The attorneys as respondents cross-appeal from that part of the judgment granting allowances on the grounds that the allowances were inadequate. Plaintiff seeks in this action to rescind and cancel an irrevocable trust created by her as settlor, or in the alternative, to reform the trust so as to make it revocable at her will. Plaintiff and defendant, Ben Leerer, commenced living together as man and wife in 1938 and were legally married in 1946. Leerer gave the plaintiff $10,000 as a gift in 1943 which she invested, and within a year she realized a gain of $15,000 the income tax on which was paid by Leerer. Plaintiff reinvested the $25,000 in Leerer's business and in 1947 he liquidated his business and from the proceeds plaintiff realized the sum of $25,000 and Leerer $75,000. At that time both plaintiff and Leerer decided to establish trusts and consulted with one MacNeil, a trust officer of the Continental Bank and Trust Company of New York (predecessor of defendant Irving Trust Company). In 1948 plaintiff and Leerer executed trust agreements with the bank as trustee. Plaintiff's trust was irrevocable while Leerer's trust was revocable. In 1950 Leerer added $5,000 to the

principal of plaintiff's trust. In 1953 plaintiff and Leerer were divorced. At the time of the trial the trust principal was approximately $160,000. Plaintiff's trust agreement provides for the payment of income to her for life with the obligation of the trustee to maintain minimum monthly payments of $150 through invasion of principal if necessary, and on plaintiff's death the income is payable to Leerer for life, and at the death of the survivor of plaintiff and Leerer, the remainder is payable to the descendants of Leerer's parents. The trust agreement provides in article V as follows: " I specifically reserve no right to amend or to withdraw from or revoke, in whole or in part, the trust hereby established; it is my intention to establish an irrevocable trust." Plaintiff contends that her trust agreement should be rescinded and cancelled on the grounds of mistake, failure of consideration, or fraudulent representations of her husband. An irrevocable trust may not be cancelled except upon proof of the settlor's misunderstanding of the nature of the instrument. (*Matter of Guest*, 286 App. Div. 870, affd. 309 N. Y. 875; *Ludlum* v. *Ludlum*, 194 App. Div. 411, affd. *sub nom. Ludlum* v. *Connecticut Trust & Safe Deposit Co.*, 232 N. Y. 615.) The wording of the irrevocability clause stating that "it is my intention to establish an irrevocable trust" is simply and clearly written and could have only one construction. The record further indicates that the plaintiff understood the irrevocable nature of the trust agreement and that she has failed to establish the requisite clear showing so as to justify the cancellation of the trust agreement on the ground of mistake. Plaintiff contends that there was a failure of consideration by reason of her husband's creation of a revocable trust instead of an irrevocable trust. Neither trust agreement refers to any mutuality of obligation. It is obvious from the testimony of the witnesses that there were no conversations between the parties and the trust officer to the effect that the irrevocability of one trust was the consideration for the irrevocability of the other. Plaintiff has failed to establish sufficient proof of failure of consideration for the establishment of her irrevocable trust. Plaintiff contends that her husband falsely misrepresented the facts to her and exercised undue influence on her to make her trust irrevocable. Leerer's conduct from the time of the original gift in 1943 through the additional gift to the irrevocable trust principal in 1950, was generous in nature, and indicates the contrary to the charge of undue influence which charge is unsubstantiated by the evidence. Plaintiff's further contention that her husband committed constructive fraud by his failure to inform her that the irrevocability of her trust would continue after a divorce is wholly without merit. The trial court allowed a total of $7,233.84 to the respondent attorneys for fees for services rendered and costs and disbursements. Appellant contends that these allowances were improperly made and do not fall within the contemplation of CPLR 8303 (subd. [a], par. 4) which provides for discretionary allowances by the court "to the fiduciary or to any party to an action which involves the construction of a will or an inter vivos trust instrument". In this proceeding there were no ambiguous words, phrases or provisions to be construed and the relief sought was based solely on facts external to the instrument. Since the proceeding did not involve the construction of an *inter vivos* trust agreement, the allowances granted by the court were improper and should be disallowed. Judgment modified, on the law, by striking out the second decretal paragraph thereof, and, as so modified, affirmed, with costs to all parties filing briefs payable out of the corpus of the trust. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.