Venezia v Greenbaum (2024 NY Slip Op 02079)

Venezia v Greenbaum

2024 NY Slip Op 02079

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-02974
 (Index No. 613817/19)

[*1]Alyson Sandler Venezia, et al., appellants,
v
Pamela Greenbaum, et al., respondents, et al., defendant.

Falcon Rappaport & Berkman PLLC, Rockville Centre, NY (Paul M. O'Brien and Christopher Slowik of counsel), for appellants.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (Sandra Pendrick and Gregory J. Pond of counsel), for respondent Pamela Greenbaum.
Mordente Law Firm LLC, Fresh Meadows, NY (Anthony R. Mordente of counsel), for respondent Adam Sandler.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered March 30, 2021. The order, insofar as appealed from, granted the separate motions of the defendants Adam Sandler and Pamela Greenbaum for summary judgment dismissing the complaint insofar as asserted against each of them and declaring that a certain irrevocable trust was void ab initio.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the separate motions of the defendants Adam Sandler and Pamela Greenbaum for summary judgment dismissing the complaint insofar as asserted against each of them and declaring that a certain irrevocable trust was void ab initio are denied.
In April 2017, the defendant Adam Sandler created an irrevocable trust for the benefit of his two daughters, who are the plaintiffs in this action. The defendant Pamela Greenbaum was named as trustee. In October 2019, the plaintiffs commenced this action, inter alia, to impose a constructive trust against, among others, Sandler and Greenbaum, alleging that Greenbaum violated the trust by disbursing its funds to Sandler and others for Sandler's benefit. Sandler and Greenbaum separately moved for summary judgment dismissing the complaint insofar as asserted against each of them and declaring that the trust was void ab initio on the ground that they misunderstood the trust documents and did not intend to make an inter vivos gift to the plaintiffs. By order entered March 30, 2021, the Supreme Court, among other things, granted both motions. The plaintiffs appeal.
"An inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership; if the intention is to make a testamentary disposition effective only after death, the gift is invalid unless made by will" (Juliano v Juliano, 145 AD3d 983, 984 [internal quotation marks omitted]). "[T]he court, in determining the intent of a grantor of an inter vivos trust, must look to the words used in the trust instrument and, once it is determined, must effectuate that intent" [*2](Sankel v Spector, 33 AD3d 167, 171; see Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256, 267). Moreover, "[a]n irrevocable trust may not be cancelled except upon proof of the settlor's misunderstanding of the nature of the instrument" (Kreindler v Irving Trust Co., 26 AD2d 746, 747, affd 23 NY2d 785; see Matter of Guest [Bessemer Trust Co.], 286 App Div 870, 870, affd 309 NY 875).
Here, Sandler and Greenbaum established their prima facie entitlement to judgment as a matter of law by submitting their affidavits explaining that they misunderstood the trust documents and that Sandler did not intend to confer an inter vivos gift upon the trust or the plaintiffs. However, the plaintiffs raised a triable issue of fact in opposition by submitting the trust instrument, signed by Sandler, which stated in plain language that the trust was solely for the benefit of the plaintiffs and that Sandler understood that he would no longer have any entitlement to funds deposited into the trust. The affidavit of the plaintiff Marissa Sandler Frank also raised a triable issue of fact as to Sandler's intent when creating the irrevocable trust.
Accordingly, the Supreme Court should have denied the separate motions of Sandler and Greenbaum for summary judgment dismissing the complaint insofar as asserted against each of them and declaring that the trust was void ab initio.
The plaintiffs' remaining contentions need not be reached in light of our determination.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court