F. P. BIVINS *et al.* Appellees, *vs.* B. W. KERR *et al.*
Appellants.

*Opinion filed April 22, 1915—Rehearing denied June 10, 1915.*

1. MISTAKE—*a mistake by one party is not a mutual mistake.*
Where the owner of land by mistake conveys property he does not
intend to convey but the purchaser receives the conveyance with
full understanding of what has been conveyed the mistake is not
mutual, and a decree setting aside the deed cannot be sustained on
the ground that there was a mutual mistake.

2. SAME—*mistake by one party may be ground for rescinding
contract.* Where a party has, without negligence, entered into a
contract through a material mistake of fact, a court of equity may
at his instance set aside the contract, where it can do so without
injustice to the other party.

APPEAL from the Circuit Court of Shelby county; the
Hon. J. C. McBRIDE, Judge, presiding.

A. L. YANTIS, and F. R. DOVE, for appellants.

WHITAKER, WARD & PUGH, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a decree of the circuit court of
Shelby county granting partition of certain real estate and
other relief.

Warren S. Bivins and his two sisters are the grand-
children of Charles C. Scovil, from whom, through their
mother, they inherited a tract of about fifty-five acres of
land off the west side of the northwest quarter of a certain
section 7, in Shelby county. The east line of the premises
was irregular, and F. P. Bivins bought eleven acres lying
immediately east of the fifty-five acres, the east line of such
eleven-acre tract being parallel with the east line of the
quarter section and 1216 feet west of it. This tract was
conveyed to the three children of F. P. Bivins. Warren
S. Bivins was a young man twenty-four years old, who

lived with his father and one sister and had been engaged
with his father in farming and stock raising. F. R. Dove
lived next door, only a few feet away. Charles King,
twenty-nine years old, was a laborer, working for Bivins
on his farm. Warren Bivins told King he wanted to sell
his land, and King went to F. R. Dove and B. W. Kerr
about it. They agreed to pay King $100 if the trade were
made. Warren Bivins did not talk with either Dove or
Kerr while negotiations were in progress but all communi-
cations were made through King. The result was that
Kerr and Dove agreed to buy the land, and Bivins went to
Kerr's office and executed a deed to Kerr and T. C. Dove,
a brother of F. R. Dove, for his undivided interest in all
of the northwest quarter of the section, except a strip
1216 feet wide off the east side. He received a check for
$2500 and King another for $100. The controversy in the
case is as to what Warren actually sold,—whether his in-
terest in the land he inherited, only, or his interest in all
the land in the quarter section, including the eleven acres
bought by his father. The deed actually included the eleven
acres. The father claims to have bought and paid for this
tract with his own means and to have had the title con-
veyed to his three children with the understanding that it
should be conveyed to him if he should request it, his ob-
ject being to have the title apparently in his children as a
protection against malpractice suits which might be brought
against him as a physician. The deed was made Saturday
afternoon, January 24, 1914. F. R. Dove, who was an at-
torney-at-law, immediately prepared a bill for partition for
Kerr and his brother, and with Kerr met Dr. Bivins on the
street, told him that they had bought Warren's interest in
the land, and asked him what he wanted done,—whether he
wanted it partitioned or left as it was. Bivins said to wait a
while and they would see what to do, and that he supposed
Warren had sold his ten acres. Dove said he did not think
Warren had sold any land of his father's but only his own.

On the next Monday morning the original bill herein was filed by Dr. Bivins and his two daughters against Warren, Kerr and the Doves, the object being to set aside the deed from Warren to Kerr and T. C. Dove and to have partition of the fifty-five acres. F. R. Dove filed a disclaimer, and later an amended bill was filed, in which Warren Bivins was joined as a complainant against Kerr and T. C. Dove, the prayer of which was that the defendants be required to re-convey to Warren upon payment of $2600, with interest and costs, or that partition be made of the fifty-five acres and F. P..Bivins be declared the owner of the eleven acres. The defendants filed a cross-bill, and on a hearing a decree was rendered setting aside the deed of Warren Bivins to Kerr and T. C. Dove on the ground of mutual mistake, directing partition of the fifty-five acres and dismissing the cross-bill.

The decree cannot be sustained on the ground that there was a mutual mistake in the description of the premises in the deed. The testimony of Warren Bivins and of King is, that what Warren intended to sell, and what he offered to sell, was his interest in the land he had inherited, and that he stated this to the appellants when he went to Kerr's office and executed the deed. He had no conversation before with either of the appellants on that subject. All his communications had been through King, and though he saw and read the deed he might well fail to know what land it described. The description was all the quarter section except 1216 feet off the east side. He was a young man not shown to have been familiar with the description of property in conveyances and would probably rely upon the knowledge of appellants. That he was mistaken as to the land conveyed the evidence sufficiently shows. There was, however, no mistake on the part of the appellants. They were men of experience in real estate transactions and were acquainted with real estate titles and descriptions. Kerr was a real estate dealer. They

had had the records examined and knew what appeared in them. They knew that fifty-five acres had been inherited from the grandfather and eleven acres acquired later by purchase, and they necessarily knew that Warren was conveying more land than he had inherited, though he and King both testify that he stated at the time that he was conveying one-third of the fifty-five acres. The land was worth $200 an acre. The purchase price of $2500 was that fixed by the seller, but it was low for his interest in the fifty-five acres and was still more inadequate for the sixty-six acres. The situation was one where the vendor had offered to sell one thing and the vendee believed that he was buying another. In such case the contract cannot be reformed. The mistake is not in the expression of the agreement of the parties, for the parties' minds have not met,—there has been no agreement. Warren Bivins mistakenly conveyed property which he did not intend to convey. The appellants received the conveyance with full understanding. There was therefore no mutual mistake. A mistake on one side may be ground for rescinding but not for reforming a contract. A court of equity may rescind a contract at the request of one party who has entered into it, without negligence, through a material mistake of fact, when it can do so without injustice to the other party. *Morgan* v. *Owens,* 228 Ill. 598.

The appellees have assigned cross-errors on the record for the failure of the court to decree a rescission of the conveyance, and this assignment will be sustained.

The decree is reversed and the cause remanded to the circuit court, with directions to enter a decree setting aside the deed from Warren Bivins to B. W. Kerr and T. C. Dove upon the payment of $2600, with five per cent interest from January 24, 1914, the costs to be paid by the complainants. The appellees will recover their costs in this court.            *Reversed and remanded, with directions.*