(No. 29891.— )

JOSEPHINE M. BISKUPSKI, Appellee, *vs.* WALERYAN JAROS-ZEWSKI *et al.*, Appellants.

*Opinion filed November 20, 1947.*

FELIX M. BUOSCIO and JOSEPH T. TYRRELL, both of Chicago, for appellants.

ALEX JANOSKI, and EUGENE K. LUTES, both of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

This action was a suit in chancery in the superior court of Cook County for the reformation of a written contract for the sale of real estate, and, when thus reformed, for the specific performance thereof. It resulted in a decree reforming the contract and for specific performance.

The ground alleged for the reformation of the contract was that an error was made by the scrivener in reducing the agreement between the parties to writing. Inasmuch as there must be a mutual mistake of fact to justify reformation of a contract, (*Mansell* v. *Lord Lumber and Fuel Co.* 348 Ill. 140,) the specific allegations of mistake in the complain are material, and are substantially as follows: That defendants showed to the plaintiff each and every room located in a building located at 8450 Commercial Avenue, Chicago, Illinois, before the execution of the written contract; the agreement between the parties was understood to cover and embrace the entire building; there was no mistake between the parties as to the premises; after the parties came to an agreement the scrivener, who prepared the said agreement, attempted to reduce the same to writing, and in so doing by mistake failed to fully describe the premises by the legal description intended by the parties, and that the parties to the agreement, under the mistaken impression that the writing contained a sufficient description, executed the same. It will be noticed that the allegations do not specifically allege the parties mutually agreed to the sale of the property as reformed by the court, nor does the complaint allege that the parties did not know what property was described in the contract.

The answer of the defendants denies there was any mistake made by the scrivener; alleges the building at the corner of Commercial and Baltimore Avenues contained two store

rooms, and that they sold the store room at the said corner, and denies they agreed to sell the entire premises containing both store rooms. The contract between the parties covered the premises occupied by one room, *viz.,* the store room at 8450 Commercial Avenue, but, as reformed, the contract described the entire premises, including that part occupied by the room at 8448 Baltimore Avenue.

The square issue as thus presented is whether both of the parties had in mind the sale of the entire building containing two store rooms, or, as the defendants contend, "the store and living quarters in the rear" at 8450 Commercial Avenue, a part of the premises. This requires a close examination of the evidence. Defendants owned property consisting of three store rooms bounded by Commercial and Baltimore Avenues, in Chicago. Commercial Avenue extended north and south, and Baltimore Avenue northwest and southeast, so that the intersection was not a right angle but an obtuse angle from Commercial Avenue northwest upon Baltimore Avenue, the tract being somewhat triangular in shape, with the south line running at right angles to Commercial Avenue, and the northwest line at right angles to Baltimore Avenue. This entire tract was occupied by three store rooms. The south twenty-six feet and five inches was occupied by a frame building and was known as 8452 Commercial Avenue, and is not involved. The lot next to the north was occupied by another building consisting of two rooms with some sheds in the rear. The south room in the building, next to the twenty-six-foot strip, was designated as 8450 Commercial Avenue and had fifteen feet of frontage on Commercial Avenue, and north from the angle where Baltimore Avenue joined Commercial Avenue had some frontage on Baltimore Avenue north or northwest of this room, and adjoining was another room fronting entirely upon Baltimore Avenue and referred to in the evidence as 8448 Baltimore Avenue. There is a partition wall between Nos. 8448 and 8450, but No. 8452

is separated from the other building by a space of a few inches in width.

The contention is made by the plaintiff that the whole of the building containing the rooms designated as Nos. 8448 and 8450 was sold by the defendants, but by mistake only the premises containing the south room were described in the written contract. She also makes the contention that the entire building, containing the two rooms, was described under the No. 8450, and that No. 8448, under the city ordinance, was not entitled legally to be so numbered, although there seems to be no doubt that such number was placed upon it.

The parties are all of foreign extraction, and do not speak or seem to understand the English language well. The plaintiff testified she and her son visited the defendants and said they thought they would like to buy the place if it was priced at $7000. No room or building was specified in this conversation. She came back a few days later and was informed by defendants they were willing to sell, and she said "we come with the deposit, so we are going to buy the building," and Mr. Jaroszewski said "all right," and made arrangements to meet at the office of a real-estate agent, not far distant from the property. She also testified that she went into the back yard and asked if the sheds belonged to the building "we are going to buy," and in answer to that they said "part of it."

Her son, Anthony, also testified to some of the preliminary negotiations, and said Mrs. Jaroszewski stated that the corner building was for sale, and that it could be had for $7000. This conversation took place before the visit to the real-estate office, and before the agreement was actually reached between the parties.

Plaintiff's son-in-law was also a witness, and testified that he went with his mother-in-law and she asked the defendants if they were ready to sell the building, and that she had a $200 deposit with her, and that defendants said

they were willing and ready to go through with it, and she then asked to look at the building, so they went to the back yard and looked at the buildings from the rear.

Peter Kaczala was a real-estate man to whom the parties went to have the contract written. He testified they came to his office on February 12, 1946, and deposited $200, and he gave them a receipt "to apply on purchase price of $7000 for premises at 8450 Commercial Ave." He then asked the parties what the number of the premises for sale was, and was told No. 8450 Commercial Avenue, and he asked if there was not another number on the Baltimore Avenue side, and that defendants replied that No. 8450 covers the entire building, so the receipt was written out with that description. After writing the contract he says he read the same over to the parties in Polish, and after it had been written up and read it was signed by all the parties. He further testified he knew there were two stores in the building on the corner.

The defendants, on the other hand, while denying some of the details of the conversation, admit that the negotiations took place, but claim they were for the store and premises at No. 8450 and did not include the room to the north, upon which they had a sign designated as 8448 Baltimore Avenue.

It is incumbent upon the plaintiff in a suit for the reformation of a written contract to establish that both of the parties mutually had made a mistake in some material matter. There is a material difference between the *building* at the corner and the *store* at the corner. If the parties intended to describe the whole premises, the *building* at the corner would be proper; if the parties intended the *store* room at the corner, the description the *store* at the corner would be proper. In our opinion there are several circumstances which indicate that possibly the parties did not have in mind the same property, or at any rate that the defendants had in mind a store room, and, likewise,

that it is probable when the contract was reduced to writing all of the parties had in mind a store room. The burden, however, is upon the plaintiff to show a mutual mistake of fact, as the law presumes the written contract shows the intention of the parties. *Pearce* v. *Osterman*, 343 Ill. 175.

It will be observed that the original description was "the store and living quarters in the rear of store of premises at South West corner of Commercial and Baltimore Avenues, commonly known as 8450 Commercial Avenue." The description does not include the word "building," and does not include the word "stores," in the plural, but is specific that it is one store, and that it is the store at the corner of these two streets. The other store at No. 8448 is not at the corner, but some distance to the northwest. It is also noticeable that while it appears from the testimony of a witness in the map department that Baltimore Avenue at this point was not designated by street numbers, nevertheless, for many years the same store to the northwest was known as 8448 Baltimore Avenue. The plaintiff knew of it; the real-estate man knew of it; and the defendants testified that it had been placed on it several times by Waleryan Jaroszewski, and nobody disputes this. So, with a store building containing two store rooms, one of which is designated as 8450 Commercial Avenue, and the other as 8448 Baltimore Avenue, there would be no point in describing one store room if they were including the entire building which contained both, and those being numbered on different streets.

It is also to be noted that in the testimony the plaintiff tried to explain away this discrepancy after the defendant Jaroszewski testified positively that he did not intend to sell to the plaintiff the vacant room known as 8448 Baltimore Avenue, but simply permitted the plaintiff to look at it because she asked to see it. In trying to explain the description in the written contract Mrs. Biskupski says the

contract was not read to Jaroszewski as written, describing a room, but was read to him as though it covered the whole corner building at Baltimore and Commercial Avenues, and that she knew at that time that the contract, as written, did not include the entire corner building. This is not only improbable, but not substantiated by the real-estate broker, and is wholly denied by the defendants. She further admits she knew there were two stores in the same building. The real-estate broker who read the contract testified that the defendant Jaroszewski said No. 8450 covered the building, which is not the same as the explanation of Mrs. Biskupski. And the defendant Jaroszewski specially said he was willing to sell plaintiff the property she had purchased; that she had not purchased the whole building, and he did not want to sell the entire building, and that it was not an after-thought that 8448 Baltimore Avenue was not included in the contract.

The superior court decreed specific performance upon the theory that the parties had agreed to sell some real estate; that there would be difficulty in dividing No. 8448 from the room designated as No. 8450, and that the only evidence of value was as to the entire building.

It is sufficient to say that none of these grounds have any relevancy to the principles underlying the reformation of a contract. The law is well settled that it requires a greater degree of proof than a probability or a preponderance of the evidence to authorize a reformation of a contract in writing. In the first place the mistake must be mutual and must be a mistake of fact. (*Mansell* v. *Lord Lumber and Fuel Co.* 348 Ill. 140; *Spies* v. *DeMayo,* 396 Ill. 255.) The mistake must also be established by strong and convincing evidence. In *Nicoll* v. *Mason,* 49 Ill. 358, we said: "The very fact that deeds of conveyance and written instruments are required to evidence the title to lands, admonishes us that a court should at all times require satisfactory evidence of a mistake before a deed will be

reformed, or a trust declared different from that deliberately entered into by the parties."

In *Goltra* v. *Sanasack,* 53 Ill. 456, we said: "The mistake must be satisfactorily established, and not inferred from loose, doubtful or unsatisfactory evidence." In *Christ* v. *Rake,* 287 Ill. 619, it was said: "Where contracting parties have reduced their agreement to writing it is presumed to express their mutual intention, and that presumption does not yield to any claim of a different intention unless the evidence of a mutual mistake is of a strong and convincing character. A written instrument will not be reformed on the ground of mistake unless the evidence that it does not express the intention of the parties is such as will strike all minds alike as being unquestionable and free from reasonable doubt. The remedy of reformation on account of an alleged mistake is never granted upon a probability nor upon a mere preponderance of the evidence but only upon evidence amounting to a certainty." The expressions contained in these cases have been approved in *Mansell* v. *Lord Lumber and Fuel Co.* 348 Ill. 140, and in *Tope* v. *Tope,* 370 Ill. 187.

Measured by these standards, the evidence is not sufficient to justify a reformation of the written contract. The written contract was for a *store room,* not for a building. The room claimed to be omitted is a different number on a different street. The statute requiring contracts to be in writing is for the purpose, among others, of preventing a numerical majority of witnesses from taking advantage of their numbers in transactions required by law to be in writing. The effect of the statute, therefore, is to make the contract the best evidence, and, for practical purposes, almost conclusive evidence of the agreement of the parties. Were the rule otherwise, it would be necessary for each party to a written contract involving the sale of real estate to fortify it with witnesses as to its meaning.

One of the plaintiff's witnesses was her attorney, who was engaged in the trial of the lawsuit. While his testimony is not especially material, we give it scant weight, because of the well-known rule that a man cannot be both attorney and witness for his own client.

In view of the discrepancies and circumstances shown by the proof, and the strong presumption arising out of a written contract, no mutual mistake of fact by both parties has been established by the degree of evidence required. The defendants had placed two numbers on this building, one No. 8450 and one No. 8448. They refer to it as a corner room; the real-estate agent knew there were two numbers on the building and called attention to it at the time the contract was signed; and the defendant Jaroszewski said he was selling No. 8450, and plaintiff knew it did not include what she now claims. The evidence falls far short of the legal requirement of strong, satisfactory and convincing proof required to justify changing a contract in writing by the testimony of parties who will all be directly or indirectly benefited by the change.

Another fact is disclosed which would preclude reformation of the contract. Mrs. Biskupski testified that she knew at the time the original contract was signed it did not describe the entire corner building, which she claimed she purchased. This fact brings the case within *Bivins* v. *Kerr,* 268 Ill. 164, where it is held that a mistake by one party is not a mutual mistake. If, in fact, the parties had agreed to sell the entire building, and the defendants did not know it was improperly described, it would be a mistake upon their part, but would not be a mistake upon the part of Mrs. Biskupski, because she knew the contract did not describe the property which she testified she had purchased. In the *Bivins case* the facts were that the vendor had offered to sell one thing, and the vendee believed that he was buying another. In commenting upon this the court

said: "In such case the contract cannot be reformed. The mistake is not in the expression of the agreement of the parties, for the parties' minds have not met,—there has been no agreement. Warren Bivins mistakenly conveyed property which he did not intend to convey. The appellants received the conveyance with full understanding. There was therefore no mutual mistake. A mistake on one side may be ground for rescinding but not for reforming a contract."

There was no mistake upon the part of Mrs. Biskupski, because she knew that the contract did not describe the whole building. And, on the other hand, the defendant Jaroszewski swears the contract accurately described the property he intended to sell. There was no mistake upon the part of Mrs. Biskupski, because she signed a contract knowing that it was not what she testified she purchased.

The court erred in granting a reformation of the contract. There is no prayer in the complaint that the contract, as written, be specifically performed, and hence that question is not presently before the court. We will not comment upon that phase of the case, because it may be the parties may desire to complete the written contract as we interpret it.

The decree of the superior court of Cook County is accordingly reversed, and the cause remanded for proceedings not inconsistent with the views expressed herein.

*Reversed and remanded.*