**Jill R. Sedlacek, Plaintiff-Appellee, v. Frank M. Sedlacek, Jr., Defendant-Appellant.**

Gen. No. 68–99.

Second District.

March 20, 1969.

Knell, Lezak & Brody, of Chicago (Willard J. Stepek, of counsel), for appellant.

Cowlin and Cowlin, of Crystal Lake, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, Jill R. Sedlacek, obtained a divorce from the defendant, Frank M. Sedlacek, Jr., on December 15, 1964. The decree incorporated a property settlement agreement entered into between the parties on November 24, 1964. On May 6, 1966, the plaintiff filed a petition seeking a money judgment in the amount of certain 1964 real estate taxes, which she claimed were to have been paid by the defendant under the terms of the property settlement agreement and decree.

The defendant answered and cross-petitioned, contending that the plaintiff was to pay the 1964 real estate taxes; that the agreement did not clearly state this because of a joint and mutual mistake, and that the agreement and decree should be reformed so as to correctly reflect the intention of the parties.

The court heard the testimony of the parties, of their respective attorneys at the time the property settlement agreement was prepared, and of the father of the plaintiff. The court deemed this testimony relevant to the determination of the intention of the parties at the time the agreement, with respect to the payment of the 1964 real estate taxes, was entered into. At the conclusion of the evidence, the court entered a judgment order for the plaintiff in the amount of such taxes and denied the reformation sought by the defendant in his cross-petition. The defendant has appealed from this order.

The property settlement agreement referred to the defendant as "first party" and to the plaintiff as "second party." Paragraph 4 thereof provided that two parcels of real estate would be the separate property of "second party" (the plaintiff). It then provided that the "first party" (defendant) would execute a deed conveying his interest in the properties. Next, the agreement stated:

"First party is to assume and pay all current taxes and is to assume the mortgage payments on both of said properties."

The agreement set forth that the defendant had, at the time of the agreement, prepaid four of the monthly mortgage payments on the one parcel of real estate. Since the entry of the divorce decree, the plaintiff has paid all of the unpaid mortgage installments as they have fallen due. She concedes that all of the taxes subsequent to the year 1964 are to be paid by her, but not the taxes for the year that was current at the time of the agreement and decree. She testified that it was her understanding, at the time, that she was to pay the taxes subsequent to the decree, but not the taxes for the period of time prior thereto. It was conceded by the plaintiff that she assumed the mortgage payments on the properties after they were conveyed to her.

The attorney for the defendant testified that it was his recollection that the plaintiff was to make all of the mortgage payments and tax payments falling due from the date of the decree, including the 1964 real estate taxes due and payable in the year 1965. The defendant testified similarly, and further stated that he had received the income from these properties during the year 1964.

The attorney for the plaintiff at the time of the divorce testified that the sentence in question was inserted in the agreement in lieu of a proposal that had been made in earlier negotiations; and that it was his understanding that since the agreement and decree were not consummated until the end of the year, the defendant, who had obtained the benefits of the property during that year, was to be responsible for all of the mortgage payments on the properties for all of that year, and the current taxes. He further testified that the husband (first party) was to assume all of the mortgage pay-

ments and expenses relative to these properties, including taxes, until such time as the deeds were delivered by him, "until the thing was consummated by divorce decree and the deed was given."

The defendant contends that the refusal of the trial court to reform the sentence in question from "first party is to assume and pay all current taxes and is to assume the mortgage payments on both of said properties," to, "*second* party is to assume and pay all current taxes and is to assume the mortgage payments on both of said properties," was error and contrary to the manifest weight of the evidence.

■ ■ Written instruments may not be reformed by a court on the grounds of a mistake of the fact unless the mistake existed at the time of the execution of the instrument; was mutual and common to all parties; was such that the parties intended to say one thing but by the written instrument expressed another; and the proof of these matters must be established by very strong, clear and convincing evidence. Biskupski v. Jaroszewski, 398 Ill 287, 293, 294, 76 NE2d 55 (1947); Ambarann Corp. v. Old Ben Coal Corp., 395 Ill 154, 166, 69 NE2d 835 (1946); Tope v. Tope, 370 Ill 187, 191, 192, 18 NE 2d 229 (1938); Michigan Mut. Liability Co. v. Type & Press Co. of Illinois, 62 Ill App2d 364, 370, 371, 210 NE 2d 787 (1965).

We do not think the evidence in this case justifies the reformation sought by the defendant. The evidence as to what was intended by the sentence in controversy was conflicting. While the defendant testified that he understood at the time that the plaintiff, his wife, was to pay the 1964 real estate taxes, her understanding was to the contrary. The testimony of the plaintiff's attorney in the divorce proceeding was most enlightening with reference to what transpired at the time, and the intent of the parties. The testimony suggested that there had

been extended and extensive negotiations in attaining a property settlement. As a result of these negotiations, earlier proposals were rejected, and finally a settlement was reached—but not until near the end of the year 1964; and that the sentence in question was inserted to assure that the defendant, who held title to the real estate in question for virtually all of the year 1964, would be responsible for all of the mortgage payments during that period of time, and for the real estate taxes attributable to that period of time, as well. This evidence falls considerably short of the clear and convincing proof required to alter or change the written terms of a contract.

The trial court heard and saw the witnesses; the testimony was contradictory; and the court concluded that the proof did not clearly and convincingly establish that there was a mutual mistake of fact resulting in the failure of the agreement to express the true intention of the parties. Under these circumstances, we may not reverse the judgment of the trial court unless it is manifestly against the weight of the evidence. Myers v. Krajefska, 8 Ill2d 322, 328, 134 NE2d 277 (1956); Revcor, Inc. v. Fame, Inc., 85 Ill App2d 350, 356, 357, 228 NE2d 742 (1967); Michigan Mut. Liability Co. v. Type & Press Co. of Illinois, supra, 371.

An examination of all the evidence leads us to conclude that the judgment is not against the manifest weight of the evidence and, consequently, the judgment is affirmed.

Judgment affirmed.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.