*In re* Estate of James G. Law, Deceased.—(Bernice Law, Petitioner-Appellant, *v.* Bank of Galesburg, Ex'r of the Estate of James G. Law, Deceased, Respondent-Appellee.)

(No. 74-164;

Third District—May 9, 1975.

Stuart, Neagle & West, of Galesburg, for appellant.

Barash & Stoerzbach, of Galesburg, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The Bank of Galesburg as executor of the estate of James Law commenced this citation action requesting the sale of a car and the division of the proceeds between the estate and Bernice Law. The circuit court of Knox County ordered the sale and division as requested and denied the petition of the appellant to reform the certificate of title to the car.

Decedent, James Law, died testate August 31, 1973. Thereafter his will was admitted to probate by the circuit court of Knox County, and letters testamentary were issued to the Bank of Galesburg as executor. Prior to his death in June of 1973, the decedent agreed to purchase a 1973 Dodge automobile from Lersch Dodge of Galesburg, Illinois. The decedent and appellant, Bernice Law, signed the application for certificate of title in blank with the understanding that Lersch Dodge would complete the application. The dealer completed the application and the title to the car was issued and delivered by the Secretary of State to the Laws, such certificate indicating the title to the vehicle was in James Law and Bernice Law without further designation.

The executor filed a petition for issuance of citation requesting that Bernice Law be ordered to deliver possession of the vehicle, that the vehicle be sold, and that the net proceeds of sale be divided equally between the executor and Bernice Law. Bernice Law filed her answer,

alleging that through mutual mistake of James Law and herself, the certificate of title which was issued did not correctly reflect the nature of ownership. In her answer she prayed the court to enter an order directing the executor to sign over to her the purported interest of the estate in the vehicle. Upon the hearing the court entered an order in accordance with the prayer for relief of the Bank of Galesburg, as executor.

The mutual mistake of fact referred to by Bernice Law in opposition to the citation was that title to the car should have been issued in the names of herself and the decedent as joint tenants with right of survivorship. To support her claim she presented the testimony of Donald Lersch, the car dealer as her sole witness. He testified he asked James Law how title was to be made out, and was informed by him that it should be in the name of James Law and Bernice Law. Mr. Lersch then inquired whether by that Mr. Law meant that he wanted title in joint tenancy with right of survivorship, and Mr. Law responded yes.

On this appeal the appellant argues that based on the foregoing evidence the court was as a matter of law required to reform the certificate of title declaring that she had survivorship rights in the car and its decision to the contrary was therefore erroneous.

■■ There is a presumption that a written instrument indicates the intention of the parties and where a party seeks reformation of an instrument, the burden of proof rests on the person seeking reformation. (*Biskupski v. Jaroszewski*, 398 Ill. 287, 76 N.E.2d 55; *Darst v. Lang*, 367 Ill. 119, 10 N.E.2d 659.) There can be little doubt but that the presumption is entitled to more weight where, as here, one of the parties to the instrument is deceased. Whether the evidence offered to support the claim of mutual mistake is sufficient to overcome the presumption is primarily a question the trier of fact must determine. An instrument will not be reformed unless the evidence of mutual mistake or other grounds for reformation is strong and convincing. *Miller Bros. Industrial Sheet Metal Corp. v. La Salle National Bank*, 119 Ill.App.2d 23, 255 N.E.2d 755.

■■ Considering Lersch's testimony as it tends to support the appellant's claim, it is our conclusion that his testimony does not establish as a matter of law the mutual mistake claimed. While it is true that his testimony is not specifically contradicted, nevertheless the witness' memory of the transaction, his recollection of exactly what was said and whether what was said required action different than that which he undertook are all subject to doubt. Furthermore, if the agreement between the Laws was different and this understanding was communicated to Lersch the failure of the application and the title issued pursuant thereto to correctly convey such understanding is not explained by the

witness's testimony. Under these circumstances we believe the evidence supports the trial court's determination that the instrument was not entitled to reformation.

For the foregoing reasons the judgment of the circuit court of Knox County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.