(39 Misc. Rep. 381.)

### SCHRIEBER v. GOLDSMITH et al.

(Supreme Court, Special Term, New York County. December, 1902.)

1. DEED OF GIFT—REFORMATION.

　　Where a mother intended to give only a reversion in her real estate to the daughter, as the daughter well knew, but by mistake executed a deed giving her daughter an absolute fee, with certain repugnant provisions in favor of the mother attempting to cut down the fee, the deed will be reformed to express the real intent of the parties.

2. LIMITATIONS—PLEADING.

　　Code Civ. Proc. § 388, provides that an action the limitation of which is not expressly prescribed must be commenced within 10 years after the

cause of action accrues. *Held*, that these provisions are not sufficiently pleaded by an allegation in an answer that the statutory period for bringing an action "as is here brought, to wit, ten years, has long since expired, and that this action is consequently outlawed."

Action by Rosa Schrieber against Rachel and David Goldsmith. Judgment for plaintiff.

See 70 N. Y. Supp. 236.

House, Grossman & Vorhaus, for plaintiff.
Epstein Bros., for defendants.

SCOTT, J. This is an action for the reformation of a deed, and is brought by a mother against her daughter and the husband of the latter. In the year 1888 the plaintiff, a widow, was the owner of a house and lot in East Sixty-Second street, in the city of New York, and has been such owner for a number of years. At the time of making the deed in question (December, 1888) the defendant Rachel Goldsmith was between 17 and 18 years of age, still unmarried, and living with and supported by her mother. The plaintiff, being anxious to make some sure provision for her daughter's future, and after consultation with her brother, instructed an attorney to prepare a deed which should provide that after her death her daughter should have the property, the plaintiff meanwhile reserving full control and management as long as she lived; and that the daughter should not have power to sell or mortgage the property during plaintiff's lifetime, but that she (the plaintiff) should have the full control and benefit thereof. The attorney drew the deed in question, and called upon the plaintiff, and read it to her in the presence of her daughter. After the reading the plaintiff requested the lawyer to explain the deed to her, as she did not understand English well. He undertook to explain it, and stated that its purport was that the house was plaintiff's as long as she lived, and that after her death it went to her daughter; that the plaintiff had full control of it, and could rent it, or do anything she saw fit. At this time the plaintiff did not live in the house, but rented it. In 1890 she and her daughter moved into the house and occupied it, plaintiff paying the expense of maintaining it. In 1893 the daughter married the defendant David Goldsmith. Thereafter, and until 1900, the parties all lived in the house together, the plaintiff paying the taxes and water rates, the defendants paying the expense of running the house and of such repairs as were necessary. In 1900 the parties quarreled, and then for the first time the plaintiff learned that there was a question whether or not the deed as it was drawn was effectual to reserve a life interest in the property in her. The conveyance to the daughter was a purely voluntary act on the part of the plaintiff, resting on no substantial consideration except her love and affection, and was not the result of any previous agreement or understanding between the mother and daughter. The latter was a mere passive recipient of her mother's bounty, apparently never read the deed, and knew nothing of its contents or effect, except as it was explained by the lawyer who read it. The deed, which was the usual bargain and sale

deed, conveyed the property to Rachel Schrieber absolutely, the habendum clause reading as follows:

"To have and to hold all and singular the above mentioned and described premises unto the said party of the second part (Rachel Schrieber, now Goldsmith), her heirs and assigns, forever, subject, however, to the right of the party of the first part (Rosa Schrieber), which she hereby reserves to herself, to have the sole control and management of said premises, and to have and take the rents, issues, and profits of said premises during her natural life; and upon the further condition that the said party of the second part, her heirs or assigns, will not nor shall at any time during the lifetime of the said party of the first part sell, mortgage, or otherwise dispose of said premises without the consent in writing of the said party of the first part thereunto had and obtained; and upon the further condition that in the event of the death of the said party of the second part before the death of the party of the first part said premises to revert unconditionally to said party of the first part, her heirs or assigns."

I have no doubt, upon all the evidence in this case, that it was the purpose and intention of the plaintiff to retain a life estate in the property, conveying to her daughter only the reversion after her own death, and that, if the deed did not effect this, the error was that of the scrivener who prepared it. That the purpose was not effectually attained is conceded by all the parties, and seems to be quite clear, because the attempted reservation is repugnant to the premises of the deed, and therefore void. Mott v. Richtmyer, 57 N. Y. 49. Under these circumstances the plaintiff is entitled to a decree for the reformation of the deed. It is not necessary that there should have been a mutual mistake on the part of both the plaintiff and her daughter. There was no mistake as to the agreement between them, so far as there can be said to have been an agreement, where the daughter passively acquiesced in what her mother proposed. The mistake was that of the scrivener in not correctly reducing to writing the contract which the parties intended to make. In such a case, where there has been no mistake about the agreement, but only a mistake in reducing the agreement to writing, such mistake, whether committed by the scrivener or by one of the parties, may be corrected, and this without showing that the mistake was mutual. Pitcher v. Hennessey, 48 N. Y. 415; Born v. Schrenkeisen, 110 Hun, 55, 17 N. E. 339. Indeed, the transaction between the mother and daughter was, in effect, a gift from the former to the latter, and in such a case a mistake of the donor in giving more than she intended at the time to give is sufficient to justify a decree for reformation. Lister v. Hodgson, L. R. 4 Eq. 34; Crockett v. Crockett, 73 Ga. 647; Andrews v. Andrews, 12 Ind. 348.

The defendants seek to invoke the protection of the statute of limitations. It is not necessary to discuss the question whether the statute, if properly pleaded, would bar the action, for it is not so pleaded. Section 388 of the Code of Civil Procedure, which is applicable to actions of this nature, reads as follows: "An action, the limitation of which is not specially prescribed in this or the last title, must be commenced within ten years after the cause of action accrues." This defense must be pleaded in strict compliance with the terms of the statute. The manner in which the defendants undertake to plead it is as follows: "That the statutory period in

which to begin such an action as is here brought, to wit, ten years, has long since expired, and that this action is consequently outlawed." The answer speaks from its date, and the allegation, therefore, is that more than 10 years had elapsed at the time the answer was signed, while the provision of the Code is that more than 10 years must have elapsed before the commencement of the action. There is certainly no averment that more than 10 years have elapsed before the commencement of the action since the cause of action accrued. The statute is not, therefore, sufficiently pleaded. Eno v. Diefendorf, 102 N. Y. 720, 7 N. E. 798. The addition of the allegation that the action is "outlawed" does not help the pleading, for an allegation that a demand is outlawed is no defense unless coupled with a sufficient plea of the statute of limitations, and when so coupled it adds nothing to the plea. Budd v. Walker, 29 Hun, 344. The plaintiff is therefore entitled to a decree reforming the deed so as to conform to her intention at the time she executed it and to possession of the property. She is also entitled to damages for her eviction. These damages should consist of the rental value of the house since the date when the plaintiff's right was at first questioned (about September 1, 1900), with interest computed from each quarter day, less whatever the defendants or either of them may have paid for taxes, water rents, assessments, and necessary repairs to the outside of the house, with interest. If the parties cannot agree upon these items, there must be a reference to compute the damages. The plaintiff is entitled to costs and an extra allowance, the amount of which can be determined upon settlement of the decree.

Judgment accordingly.