180 P.2d 242

**COLLIER v. SAGE.**

No. 5006.

Supreme Court of New Mexico.

April 28, 1947.

W. C. Whatley, of Las Cruces, for appellant.

Holt & Holt, of Las Cruces, for appellee.

McGHEE, Justice.

This is an appeal from a declaratory judgment in which it was found fourteen acres of land had been omitted from a deed by mutual mistake and fixing its value. We will refer to the parties as they appeared in the district court.

The parties entered into an ordinary contract for the sale by the defendant to the plaintiff of real estate in Dona Ana County described as follows:

"1. That certain 43 acres, more or less, of land described in Amortization Mortgage dated Oct. 1, 1934, from W. H. Hand

and wife to Land Bank Commissioner, filed for record Nov. 6, 1934, at 9:00 A.M., and recorded in Book 52, page 135, of the Mortgage Records of Dona Ana County, New Mexico; and further described at page 4 of Abstract No. 14680, by The Southwestern Abstract and Title Co., of Las Cruces, New Mexico, to which reference is here made for a more definite description.

"2. That certain 43.25 acres of land, more or less, described in Amortization Mortgage dated Feb. 26, 1926, from Addie E. Rountree and Henry K. Rountree, her husband, to the Federal Land Bank of Wichita, Kansas, filed for record March 9, 1926, and recorded in Book 34, page 404, of the Mortgage Records of Dona Ana County, New Mexico; and further described at page 5 of Abstract No. 12936 by The Southwestern Abstract & Title Co., of Las Cruces, New Mexico, to which reference is here made for a more definite description.

"Said above described tracts of land being also designated as Tracts Nos. 10—93, 10—97B and 10—97E, on the plats of the U.S. Reclamation Service."

The 43 acres covered by paragraph 1 and the 43.25 acres covered by paragraph 2 were tracts 10—93 and 10—97B on the plats of the U.S. Reclamation Service and were later at the request of the plaintiff conveyed by deed to his brother, Grady J. Collier, but the land included in tract 10—97E was not included.

Shortly after the delivery of the deed the plaintiff found another person farming the tract in dispute under a lease from the defendant made a few days prior thereto.

The defendant ignored the written demand of plaintiff for a deed including the 14 acre tract and this suit followed. The trial court found that the plaintiff had agreed to buy and the defendant had agreed to sell the fourteen acres with the other tracts for a total consideration of $12,000, and that the tract in dispute was of the reasonable market value of $300 per acre, and that it had been omitted from the deed through mutual mistake and oversight of the plaintiff and defendant.

While the complaint was filed under our Declaratory Judgment Statute, Sec. 25-601, N.M. Statutes 1941 Ann., yet it is in effect an action to reform the deed. One may not by filing a suit under this statute circumvent the applicable decisions of this court such as Norment v. Turley, 24 N. M. 526, 174 P. 999, where we held that absent mistake or fraud a deed when accepted, merges all prior negotiations with respect thereto, including the written contract of sale, and the conveyance must be looked to in order to determine the rights and equities of the parties; First National Bank of Elida v. Hartford Fire Insurance Company, 17 N.M. 334, 127 P. 1115, that to obtain reformation the mistake must be mutual and common to both parties to the instrument, and Dearborn v. Niagara Fire Insurance Co., 17 N.M. 223, 232, 125 P.

606, and Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 467, 24 P.2d 718, that the proof must be of the clearest and most satisfactory character.

While there is a sharp conflict in the testimony there is substantial evidence and corroboration by an apparently disinterested witness to support the findings, and in the absence of anything in the record to the contrary, we assume the trial judge had the above rules in mind in making his findings of fact, for his finding No. 9 reads:

"(9) That it was the plain intent and understanding of the parties that plaintiff was purchasing from the defendant and that the defendant was selling to plaintiff, for the aforesaid aggregate consideration of $12,000.00, the tract of land hereinabove specifically described, together with the other tracts of land referred to and described in plaintiff's aforesaid Exhibit "1", and that the failure and refusal of defendant to convey said specifically described tract precipitated the aforesaid actual controversy, as alleged in the Complaint herein."

We therefore refuse to overturn the findings of fact and conclusions of law made by the trial court.

We do not, however, like the undue advantage the judgment gives to the plaintiff, for as it now stands he may bide his time to petition for further relief and have reformation and take the title, or judgment for approximately $4,200. If the fourteen acre tract remains at its present value, or increases he will, no doubt, take the title, while if its value decreases he will then take his damages.

Judgments may not thus be made the vehicle for a free ride on a speculative market, and the plaintiff should have been required to make an election at the time of taking his judgment.

The judgment of the district court will be affirmed on condition that the plaintiff within ten days from the filing of this opinion file in this court his election of the relief he will take. If he fails to so elect the judgment will be reversed and the cause remanded with instructions to dismiss the complaint with costs to the defendant and leave him to his conventional remedy, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.