450 P.2d 922

**Carolina F. BUTLER, Plaintiff-Appellant,**

v.

**Joe Alex BUTLER, Defendant-Appellee.**

**No. 8594.**

Supreme Court of New Mexico.

Feb. 24, 1969.

Garland, Martin & Martin, Las Cruces, for appellant.

Glenn B. Neumeyer, Las Cruces, for appellee.

## OPINION

MOISE, Justice.

Plaintiff-appellant appeals from the trial court's judgment denying reformation to a deed executed by her to her son, the defendant-appellee.

Briefly, the material facts are these. Plaintiff is a widow with two children, the defendant and a daughter named Mary Lou Buchanan. At the time of the trial of the case in 1967, plaintiff was 82 years of age and, although questioned by counsel on this appeal, a finding was made by the court that she was mentally alert and aware of her property. Some time prior to April 2, 1964, plaintiff sought the assistance of one A. A. Salas, an accountant whom she employed to assist in preparing deeds so that while still living she could give the several pieces of real estate owned by her to her two children. She furnished some of the descriptions to Mr. Salas, and he advised her that he would obtain the others from the court house. Plaintiff also sought the assistance of her attorney, R. C. Garland. The record does not disclose for certain which deeds, if any, were prepared by Mr. Garland, but it is established that four separate deeds naming defendant as grantee were executed by plaintiff and acknowledged before Mr. Garland on April 2, 1964. On the same day she acknowledged six deeds in which her daughter was named as grantee. Although all were acknowledged on the same day, as noted, they bore various dates. One of the deeds to defendant was dated January 30, 1964; one was dated February 18, 1964; and two, including the one at issue, were dated April 2, 1964. Two of the deeds to Mary Lou Buchanan were dated January 30, 1964; one, February 18, 1964; two, February 28, 1964; and one, April 2, 1964.

The deed here sought to be reformed is dated April 2, 1964, and acknowledged the same day, and the record indicates it was probably prepared by the attorney. Two pieces of property are described in it, one being in Section 7 and the other in Section 32; the property in Section 7 is described as "part of Plat 955 and Map 12–41A" and the other tract as "part of Plat 1163, part of 12–35B, which is not contained in that certain contract * * * [there described]."

Plaintiff here alleges that this conveyance insofar as it purported to convey any

part of Plat 955, Map 12–41A, referred to as part of the "home place," was executed through mistake, and points to a deed prepared by Mr. Salas dated January 30, 1964, and acknowledged April 2, 1964, wherein grantor conveyed to Mary Lou Buchanan by a metes and bounds description what is asserted to be the identical property. Neither Mr. Garland nor Mr. Salas, both of whom had participated on behalf of plaintiff in preparing the deeds, was called to testify.

Plaintiff testified that it had never been her intention to convey any part of the "home place" to her son, and that the deed by which this was acomplished was a mistake. On the other hand, no claim is made of any fraud or misconduct on the part of defendant. He was not present when any of the deeds were discussed or prepared, and had no part in arranging for their execution. They were delivered to him by the bank after he had been directed to call for them, and he then had them placed of record. He testified that his mother had indicated she wanted to treat him and his sister alike, and that the gift of a part of the "home place" on April 2, 1964, accomplished this intention inasmuch as another farm (Dabbs), of even greater value, was simultaneously conveyed to his sister. It was his position, testified to at the trial, that since that date his mother had changed her mind because of her antagonistic feelings toward his wife. Other proof is referred to in the briefs, but we do not consider it necessary to recount it here.

■ There is no material disagreement concerning the rules of law applicable to cases such as this. Plaintiff attacks the trial court's finding to the effect that the deed was a true reflection of plaintiff's intention as of April 2, 1964. She asserts the finding is wholly unsupported by substantial evidence. With this claim we cannot agree. The record, as discussed above, should serve amply to demonstrate that the trial court believed the proof submitted by defendant concerning the transaction.

■ In the early case of Cleveland v. Bateman, 21 N.M. 675, 158 P. 648 (1916), we stated that equity could grant reformation of written instruments only when there was a mutual mistake, or when there was a mistake by one party together with fraud or inequitable conduct by the other. As already noted, no suggestion is here advanced of any fraudulent or inequitable conduct of defendant, except that plaintiff argues that defendant's refusal to reconvey to plaintiff upon being advised by her that she had made a mistake gave rise to the right to relief under Cleveland v. Bateman, supra, and Hobson v. Miller, 64 N.M. 215, 326 P.2d 1095 (1958)

■ The rules as announced by us clearly establish the burden of proof to accomplish reformation to be upon the party asserting it—here it is plaintiff. See First National Bank of Elida v. Hartford Fire Insurance Co., 17 N.M. 334, 127 P. 1115 (1912). Furthermore, the quantum of proof required to establish the right to reformation is more than a mere preponderance. It must be of the clearest and most satisfactory character. Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718 (1933). See also, Collier v. Sage, 51 N.M. 147, 180 P.2d 242 (1947). It appears to us that plaintiff does not contend that any different quantum of proof is required to establish mistake in situations such as that here present where the conveyance was made without consideration. See Restatement of Law, Restitution (1937), §§ 26, 39; Annots., 69 A.L.R. 423, 430 and 128 A.L.R. 1299; Comment, Gifts—Mistake—Rights of the Donor, donee, and their Successors in Interest to Relief, 58 Mich.L.Rev. 90, 91 (1959).

■ As we understand the findings of the trial court, there was no mutual mistake of fact; neither did plaintiff make a unilateral mistake, which would support reformation where the conveyance was made as a gift, see Tyler v. Larson, 106 Cal.App.2d 317, 235 P.2d 39 (1951); Lyon v. Balthis, 24 Ohio App. 57, 155 N.E. 815

(1926); Vogel v. City Bank Farmers' Trust Co., 152 Misc. 18, 272 N.Y.S. 643 (1934); Schrieber v. Goldsmith, 39 Misc. 381, 79 N.Y.S. 846 (1902), but, to the contrary, on April 2, 1964, she intended to give defendant the part of the "home place" described in the deed to him, and subsequently changed her mind. We are not in a position to weigh the evidence so as to hold that the trial court erred in not finding that plaintiff had carried the burden of proof placed upon her by the law. To the contrary, our duty ends when the evidence to which our attention has been directed, together with reasonable inferences flowing therefrom, when viewed in a light most favorable thereto, can be said to substantially support the findings made by the court. See Tapia v. Panhandle Steel Erectors Co., 78 N.M. 86, 428 P.2d 625 (1967). This is particularly true if plaintiff's burden required proof of a clear and satisfactory character, as already noted. Notwithstanding the very forceful argument to the contrary, our examination of the record convinces us that the trial court's findings and the conclusions based thereon, should not be overruled by us. It follows that the judgment should be affirmed.

It is so ordered.

NOBLE, C. J., and TACKETT, J., concur.