## 658

459 P.2d 457

**FOREMOST FOODS COMPANY, Division of Foremost-McKesson, Inc., Successor by merger to Foremost Dairies, Inc., Plaintiff-Appellee,**

v.

**Oliver P. SLADE, Defendant-Appellant.**

No. 8778.

Supreme Court of New Mexico.

Oct. 6, 1969.

Chavez & Roberts, Joseph A. Roberts, Sante Fe, for plaintiff-appellee.

Donald A. Martinez, Las Vegas, for defendant-appellant.

## OPINION

TACKETT, Justice.

Plaintiff filed an action against defendant in the District Court of San Miguel County, New Mexico, to recover amounts claimed due on a promissory note and an open account. Defendant counterclaimed for the reasonable value of his former business, which had been taken over by plaintiff pursuant to an option to purchase. Trial was to the court without a jury. Judgment was entered for plaintiff and defendant's counterclaim was dismissed. Defendant appeals.

Plaintiff, a producer and processor of dairy products, filed suit in two counts against defendant, a former distributor for plaintiff; one count was on a promissory note and the other on an open account. Defendant answered, admitting the execution of the note, but denying any obligation to make further payments thereon and denying the claim to the open account. He also cross-complained claiming plaintiff owed him the reasonable value of his distributorship, which plaintiff had taken over under an option provision contained in §§ 21(b) and 22 of the agreement under which the parties had operated.

Appellant, by letter dated April 5, 1967, notified appellee that he desired to terminate the distributor agreement. Appellee, on April 6, 1967, in reply to appellant's letter, notified appellant that it desired to exercise its option, under §§ 21(b) 1 and 22 of the agreement, to purchase the *wholesale and retail accounts receivable*. Appellant acknowledged and accepted this arrangement. Appellee valued those accounts at $45.71 wholesale and $367.87 retail. Those accounts, together with other amounts, were credited against the insufficient funds checks owed by appellant to appellee.

The trial court, among others, made the following pertinent finding of fact and conclusion of law:

(Finding No. 5)

"That the defendant has not sustained any damages by reason of the termination of the agreement and contract between the parties and the defendant has failed to show any damages that he is entitled to recover from the plaintiff in this action."

(Conclusion No. 3)

"That the defendant is not entitled to recover any sum from the plaintiff by reason of the termination of the contract entered into between the parties or by any other reason in this action, and defendant's cross complaint should be dismissed."

 Appellant has attacked the above finding and conclusion. It is to be noted, however, that appellant does not attack the trial court's findings relative to the amounts due on the note and open account.

Appellant contends that he was not attempting to recover damages by his counterclaim, rather he says he was trying to recover the reasonable value of his business which was taken over by appellee, pursuant to the option clause in the distributor agreement. Appellant attempted to prove the value of his business by showing what he had paid for it, and what others had received when appellee took over their distributorships under similar option agreements. This evidence was not material to the issue. Appellant did not sustain the burden of proving that his business had any value at the time appellee exercised its option. The record does not reveal if appellant was operating at a profit or loss; if at a loss, appellee's actions were not injurious to appellant.

Our review of the record convinces us that the trial court's findings have substantial support in the evidence. This court has repeatedly held that where the findings of fact are supported by substantial evidence, they will not be disturbed on appeal. LeClert v. LeClert, 80 N.M. 235, 453 P.2d 755 (1969); State ex rel. Reynolds v. South Springs Co., 80 N.M. 144, 452 P.2d 478 (1969); Butler v. Butler, 80 N.M. 36, 450 P.2d 922 (1969).

Appellant also cites as error the failure of the trial court to adopt certain findings favorable to appellant. The failure to make specific findings of fact is regarded as a finding against the party having the burden of establishing that fact. Gibbons & Reed Company v. Bureau of Revenue, 80 N.M. 462, 457 P.2d 710 (1969).

The decision is affirmed, with costs assessed against appellant.

It is so ordered.

COMPTON and WATSON, JJ., concur.