467 P.2d 736

**C. W. WRIGHT and Pauline Wright, husband and wife, Plaintiffs-Appellees,**

v.

**W. L. BREM and Lula Brem, husband and wife, Defendants-Appellants.**

**No. 401.**

Court of Appeals of New Mexico.

Feb. 27, 1970.

Rehearing Denied March 23, 1970.

Leland Stone, Ruidoso, for appellants.

George L. Zimmerman, Alamogordo, for appellees.

## OPINION

OMAN, Judge.

Plaintiffs brought suit for reformation of a deed given them by defendants. The lands described in the deed were "all of LOT TWO (2) of SECTION SEVEN (7) * * *." This lot contains 34.15 acres and lies south of U.S. Highway 70, except for a small portion of the northwest corner thereof, which falls within the right of way of said highway. Plaintiffs claimed the deed should be reformed to include 3.36 acres lying south of the highway and being a portion of the southeast corner of Lot 1, which lies directly north of Lot 2. The grounds for the reformation were a claimed mutual mistake by the parties in omitting from the deed the 3.36 acres, or a claimed mistake on the part of plaintiffs and inequitable conduct on the part of defendants resulting in the omission.

Defendants denied the material allegations of the complaint and counterclaimed for damages as a result of alleged tortious acts on the part of plaintiffs. Our jurisdiction arises out of the counterclaim for damages based on tort. Section 16–7–8, N.M.S.A. 1953 (Supp.1969).

Upon the trial of the case, the court found for plaintiffs on both the complaint and counterclaim. Defendants have appealed. We affirm.

Defendants' first point relied upon for reversal is that "The judgment is not supported by substantial evidence." Defend-

ants' position is that the trial court erred in denying their requested findings and conclusions, and in making its own findings and conclusions to the effect that the parties had omitted the 3.36 acres from the deed by reason of mutual mistake or by reason of plaintiffs' mistake and defendants' inequitable conduct.

We are of the opinion that the findings and conclusions are supported by the evidence. Thus, it was not error to deny requested findings and conclusions to the contrary. Powers v. Campbell, 79 N.M. 302, 442 P.2d 792 (1968); Hancock v. Berger, 77 N.M. 321, 422 P.2d 359 (1967).

■ The parties are agreed that an instrument, such as a deed, may be reformed if (1) there has been a mutual mistake, or (2) a mistake by one party accompanied by fraud or other inequitable conduct by the other party. Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967); Buck v. Mountain States Investment Corporation, 76 N.M. 261, 414 P.2d 491 (1966); Cleveland v. Bateman, 21 N.M. 675, 158 P. 648 (1916). They are also agreed that reformation may be granted only when the evidence supporting the ground or grounds therefor is entirely satisfactory, clear and convincing. Aetna Insurance Company v. Paddock, 301 F.2d 807 (5th Cir. 1962); Ramseier v. Oakley Sanitary District, 197 Cal.App.2d 722, 17 Cal.Rptr. 464 (1961); Biskupski v. Jaroszewski, 398 Ill. 287, 76 N.E.2d 55 (1947); Collier v. Sage, 51 N.M. 147, 180 P.2d 242 (1947); Franciscan Hotel Co. v. Albuquerque Hotel Co., 37 N.M. 456, 24 P.2d 718 (1933); 2 Corbin, Contracts, § 345 (1950); 3 Corbin, Contracts §§ 614, 615 (1960). However, this does not mean the evidence which satisfies and convinces the trial judge must be undisputed. Ramseier v. Oakley Sanitary District, supra; 2 Corbin, supra, § 345; 3 Corbin, supra, § 615. See also, Morris v. Merchant, supra; Collier v. Sage, supra; Franciscan Hotel Co. v. Albuquerque Hotel Co., supra.

■ Even conceding that some portions of the court's findings may be misleading, or lack support in the evidence, as urged by defendants, this does not require a reversal. Our function is to correct an erroneous result, and not to correct errors which, even if corrected, will not change the result. Morris v. Merchant, supra; Tevis v. McCrary, 75 N.M. 165, 402 P.2d 150 (1965); Franklin's Earthmoving, Inc. v. Loma Linda Park, Inc., 74 N.M. 530, 395 P.2d 454 (1964). As above stated, we are of the opinion the evidence does substantially support the findings essential to the result reached.

Only four witnesses testified at the trial, to wit, plaintiff, C. W. Wright, defendant, W. L. Brem, defendants' realtor, and the real estate salesman employed by the realtor who handled the sale for defendants.

The realtor and the salesman both testified, in effect, that the lands shown to plaintiffs included the 3.36 acres, as shown and described to them by defendants. It is true the east boundary was not precisely located at the time, but it was very close to the line claimed by plaintiffs and as found by the trial court.

The plaintiffs made an offer to purchase the lands from defendants through the salesman, and were advised by the salesman the offer had been accepted. Plaintiffs entered into possession of the lands sometime during the latter part of August 1966, and made improvements on the disputed tract at a cost of about $6,000.00. Plaintiffs made application to the State Engineer for change of ownership of the water rights appurtenant to the lands described in the deed, and defendants, on November 8, 1966, executed an application for change of ownership to plaintiffs of additional water rights which were appurtenant to a larger tract of which the 3.36 acres were a portion. A total water right, in excess of the combined rights so transferred to plaintiffs, was represented by defendants to the realtor as going with the lands, and the salesman so represented these rights to plaintiffs.

About six months after the sale was concluded, and after plaintiffs had placed their improvements on the lands in ques-

tion, defendant, W. L. Brem, came by the premises, introduced himself to plaintiff, C. W. Wright, and stated he " * * * thought that he [Wright] was on my [Brem's] property with at least the most of the stuff that he had put there."

The defendants owned lands on both sides of the highway and some lands to the east of the tract involved. However, as above stated, the plaintiffs, the realtor and the salesman all understood the lands being sold by defendants to plaintiffs included the 3.36 acre tract in question, and the salesman testified he discussed with defendant, W. L. Brem, the tract to be sold, and it was the same tract he told plaintiffs they were buying.

At prior times, defendants had asked the realtor to sell larger tracts for greater sums of money than that paid by plaintiffs for the portion of defendants' lands purchased. The lands, which the realtor, salesman and plaintiffs understood plaintiffs purchased, were priced by defendants at $15,000.00. Plaintiffs made an offer through the salesman of $10,000.00, and this is the offer plaintiffs, the salesman and the realtor understood had been accepted.

Defendants' contention is that the offer was accepted for a tract which did not include the 3.36 acres, and which was described in the deed as Lot 2. This deed was prepared by defendants' attorney in Texas. There is evidence, consisting primarily of the testimony of defendant, W. L. Brem, and a letter written by his Texas attorney to the salesman, which supports defendants' contention. Otherwise, the evidence is all to the contrary.

Nothing was revealed to plaintiffs during the course of the negotiations, or during the finalization of the sale and purchase of the lands, from which plaintiffs might reasonably have known, or been put on notice, that Lot 2 did not include the 3.-36 acres. Plaintiffs, the realtor and the salesman all understood the north line of the lands being sold by defendants to plaintiffs was the south right of way of the highway. "Lot Two (2)", as such, had never been referred to by defendants in listing the property with the realtor, nor had it been referred to by the salesman in his negotiations with plaintiffs.

Although, as above indicated, the evidence was in dispute in some important particulars, nevertheless, we are of the opinion the evidence was sufficient to meet the requirements as to quality and weight to support the essential findings of the trial court and to warrant the granting of reformation to include the 3.36 acres. The evidence was obviously sufficiently clear and satisfactory to convince the trial judge that equity required reformation.

Defendants' second point is that "The admission of evidence as to irrigation water rights was improper, and led to material error * * *." We disagree.

■ The objection to this evidence was its irrelevancy. As above stated, the listing with the realtor made reference to water rights in excess of the amounts actually transferred. The water rights appurtenant to the lands described in the deed consisted of rights to irrigate 3.54 acres. The change of ownership executed by defendants on November 8, 1966, operated to transfer to plaintiffs an additional 3.21 acres of water rights appurtenant to other lands, including the 3.36 acres. The total water rights thus transferred to plaintiffs by defendants equalled 6.75 acres. The listing called for "between 8 and 10 acres of water rights." Had it been the intention of the parties to convey only Lot 2 and the water rights appurtenant thereto, plaintiffs would have gotten only 3.54 water right acres. The fact that defendants transferred the additional 3.21 water right acres, which had no relationship to Lot 2, but were appurtenant to other lands, including the 3.36 acres, was relevant upon the issue of whether the parties had contracted for the sale and purchase of the 3.-36 acres.

■ Relevancy of evidence is difficult of precise definition and is not susceptible of reduction to specific and categorical rules.

However, "* * * it may be said, generally, that whatever naturally and logically tends to establish a fact in issue is relevant * * *." 1 Jones, Evidence § 151 (5th Ed.1958). See also McCormick on Evidence § 152 (1954); 1 Wigmore, Evidence §§ 27 to 29 (3rd Ed. 1940). Because of the difficulty of precisely defining the term "relevant evidence," or of circumscribing by specific and categorical rules the substance or content of evidence which falls within the area of "relevancy," the determination of relevancy, as well as of materiality, rests largely within the discretion of the trial court. Glass v. Stratoflex, Inc., 76 N.M. 595, 417 P.2d 201 (1966).

The defendants' final point is that "Judgment should be for the defendants, on their counterclaim for damages." We have already discussed and rejected defendants' first two points directed toward claimed errors on the part of the trial court in holding for plaintiffs on the complaint. The counterclaim must of necessity fall, since it is predicated upon the contentions by defendants that the 3.36 acres still belong to them and plaintiffs committed tortious trespass, alterations and destructions thereon.

The judgment should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.