486 P.2d 62

**BENNETT LEASING COMPANY,**
Plaintiff-Appellee,

v.

**Dean C. CLIFTON and B. J. Baggett,**
Defendants-Appellants.

No. 9168.

Supreme Court of New Mexico.
May 28, 1971.

Rehearing Denied June 21, 1971.

Baggett & Baggett, Farmington, for defendants-appellants.

Tansey, Rosebrough, Roberts & Gerding, Farmington, for plaintiff-appellee.

OPINION

OMAN, Justice.

This is a suit on equipment leases by plaintiff as lessor against defendants as lessee. Plaintiff recovered judgment and defendants appeal. We affirm.

Plaintiff and defendants entered into written lease agreements during July and August, 1962, whereby plaintiff leased to defendants a Mack truck and Timpte float at rental rates provided in written schedules. Defendants paid an advance rental of $360.00 and monthly rental payments pursuant to the schedules for nineteen months for total rental payments of $8,482.92. Defendants failed to make the rental payments for the following seventeen months in the total amount of $6,222.35. The leases were terminated and plaintiff took possession of the equipment in August, 1965.

The agreed value of the equipment at the time of the execution of the leases was $14,800.00. Within a reasonable time after the termination of the leases, defendants secured a bona fide offer for the equipment of $7,500.00, which plaintiff refused. Plaintiff retained possession of the equipment and ultimately sold it on February 5, 1968, for either $6,000.00 or $6,250.00. However, the trial court found and considered the net resale proceeds to be $7,500.00 in accordance with the August, 1965 offer.

The foregoing recited facts are undisputed, are consistent with the facts found by the trial court, and, except for the finding as to the amount of unpaid rentals, are in no way attacked. The finding as to the unpaid rental is attacked only under the second point relied upon for reversal, and then only to the extent of defendants' claims that plaintiff had elected to retain the equipment in satisfaction of defendants' obligations and that the unpaid rental was inapplicable in computing the amount owing by defendants under the formula hereinafter discussed under the second point.

By their first point, defendants claim error on the part of the trial court in refusing their requested findings of fact numbered 24, 25 and 26. These requested findings were:

"24. This Trust Lease Vehicle Schedule is a transaction subject to Article 9 of the Uniform Commercial Code.

"25. No notice of the time and place of sale by the Plaintiffs of the security was given to the Defendants.

"26. The sale was not commercially reasonable."

Defendants' entire argument under this point relates to the sale in 1968. However, as shown by the above recited facts, the trial court found and considered the amount of $7,500.00 as the net resale proceeds, in accordance with the bona fide offer secured by defendants and rejected by plaintiff in August of 1965. This finding is not attacked and is consistent with the following requested findings by defendants:

"6. That the Defendants produced a willing buyer for the vehicles for the sum of Seven Thousand Five Hundred Dollars ($7,500.00), and the Plaintiff refused to permit the sale in August, 1965.

"7. That the Trust Leases provide in Section 3 that the Plaintiff would 'effectuate the sale', and that the Plaintiff unreasonably failed to do so.

"8. That the Defendants are entitled to credit as 'net resale proceeds' in the amount of $7,500.00.

"9. That the Plaintiff is deemed to have received the 'net resale proceeds' in the amount of $7,500.00."

Thus, under the findings of the trial court, by which we are bound, the rights of the parties were fixed as of August, 1965, and we do not reach the question of the applicability to the sale in 1968 of Chapter 50A, Art. 9, Pt. 5, N.M.S.A. 1953 (Repl. Vol. 8, pt. 1, 1962). Compare Ed Black's Chevrolet Center, Inc. v. Melichar, 81 N.M. 602, 471 P.2d 172 (1970).; Springer Corporation v. American Leasing Company, 80 N.M. 609, 459 P.2d 135 (1969).

Under their second point, defendants contend "The Court Erred in Making its Findings of Fact Numbered 3, 6, and 7 Which Involve the Application of a Formula in Paragraph 4 of the Trust Lease Vehicle Schedule."

Paragraph 4 of the Schedule provides:

"4. Upon receipt of the net resale proceeds as provided in Sections Three and Five of this schedule or upon receipt of advise from the Lessee of the loss of a vehicle, the Lessor shall refund to the Lessee *100%* of the amount, if any, by which the sum of the net resale proceeds plus an amount equal to *2.0%* of the agreed value of the vehicle, multiplied by the number of months (not to exceed *50* months) for which monthly rents for the vehicle shall have been paid, exceeds the agreed value of the vehicle. If such sum is less than the agreed value of the vehicle, the Lessee shall promptly pay all of such deficiency to the Lessor as additional rent. The Lessor shall determine such refunds or deficiencies in respect of vehicles sold and shall render statements therefor to the Lessee. Net resale proceeds shall be the net amount after deduction for all expenses incurred in connection with such sale."

The court's findings of fact numbered 3, 6 and 7 are as follows:

"3. The total rental charges for the thirty-six (36) months period amounted to $14,705.28. Defendants paid rental charges of $8122.93, plus $360.00 advanced rentals or a total of $8482.93, leaving a balance owing on the rental charges of $6222.35.

"6. Two per cent (2%) of the agreed value of the equipment times the number of months for which monthly payments shall have been paid, plus the net resale proceeds, exceeds the agreed value of the equipment by $3356.00.

(.02 x 14800 x 36 + 7500 − 14800 = $3356.00)

"7. The amount owed by defendants on the unpaid rental charges less the excess found in Finding Number 6 leaves a balance of $2866.35 owed by defendants."

Defendants have divided their argument under this point into two parts. The substance of the first part is that plaintiff, by refusing the offer of $7,500.00 in August, 1965, made an election under § 50A-9-505(2), N.M.S.A.1953 (Repl. Vol. 8, pt. 1, 1962) to retain the equipment in lieu of the unpaid rents and any indebtedness owing pursuant to Paragraph 4 of the Schedule.

Defendants must fail because they at no time asserted this position in the trial court, they requested no findings or conclusions in support of this position, and the position is inconsistent with their above quoted requested findings 8 and 9 and the trial court's findings which are not attacked. See Western Farm Bureau Mutual Ins. Co. v. Barela, 79 N.M. 149, 441 P.2d 47 (1968); Hamilton v. Woodward, 78 N.M. 633, 436 P.2d 106 (1968); Wynne v. Pino, 78 N.M. 520, 433 P.2d 499 (1967).

The second part of defendants' argument under their point 2 is that the trial court wrongly interpreted and applied the formula set out above in Paragraph 4 of the Schedule. They first argue that the parties were proceeding exclusively under Paragraphs 3 and 4 of the Schedule. Although they do not expressly so state, their argument clearly is to the effect that they were thereby relieved of their obligation to pay the unpaid rents in the amount of $6,222.35, found by the trial court to be the balance owing by defendants on the rental charges.

A reading of the entire record convinces us that there was no stipulation by plaintiff that the parties were proceeding exclusively under Paragraphs 3 and 4 of the Schedule, or that plaintiff waived its right to the unpaid rentals. By its first amended complaint plaintiff sought recovery of the delinquent rents. By its requested findings it sought recovery of the unpaid rents pursuant to express authority so allowing in Paragraph 9 of the Schedule. In any event, defendants expressly requested a finding that the parties did not intend " * * * to operate under Section 9 of the * * * Schedule." Since they sought escape from their written contractual obligation to pay the rents, the burden was on them to establish their defense that the parties did not intend to operate under

Paragraph 9 of the Schedule. In this they failed, as evidenced by the trial court's denial of their requested finding and its finding as to the balance owing by defendants by way of rentals. Defendants have not claimed error on the part of the trial court in refusing their request. This refusal is regarded as a finding on this question against defendants. Foremost Foods Company v. Slade, 80 N.M. 658, 459 P.2d 457 (1969); Tsosie v. Foundation Reserve Insurance Company, 77 N.M. 671, 427 P.2d 29 (1967); Clark v. Foremost Insurance Co., 80 N.M. 584, 458 P.2d 836 (Ct.App.1969).

■ The remainder of defendants' argument is directed at the claimed error of the trial court in using the number 36 (the number of months for which defendants were obligated to pay the rentals prior to the termination of the lease in August, 1965) rather than the number 19 (the number of months for which defendants actually paid rentals) in computing the amount owing by defendants under the formula provided in Paragraph 4 of the Schedule. The trial court obviously construed the words, "for which monthly rents for the vehicle shall have been paid," to mean, "for which monthly rents for the vehicle should have been paid" or "for which lessee (defendants) is obligated to pay the rents."

The trial court's interpretation worked to defendants' advantage. As already shown, defendants owed and still owe unpaid rents of $6,222.35 as found by the trial court. By the method of computation under the formula, as urged by defendants, they owe $1,316.00. This figure, when added to the unpaid rents, totals $7,538.35. Since it is consistent with defendants' contractual rights and obligations that 36 rather than 19 be used in the formula computations, we are of the opinion the trial court's interpretation is the correct one.

The judgment should be affirmed.

It is so ordered.

McMANUS, and STEPHENSON, JJ. concur.